UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAMALJIT THIND, | ) CASE NO. C07-0726-RSL |
| Petitioner, | ) |
| v. | ) |
| | ) SUPPLEMENTAL REPORT |
| MICHAEL CHERTOFF, et al., | ) AND RECOMMENDATION |
| Respondents. | ) |

On October 25, 2007, the undersigned Magistrate Judge issued a Report & Recommendation (R&R), finding that petitioner was not afforded Due Process by the U.S. Immigration and Customs Enforcement ("ICE") at his prior custody review. (Dkt. 12). The Court ordered ICE to conduct an additional custody review as provided in 8 C.F.R. § 241.4(f). (Dkt. 14). Pursuant to this Court's Order, ICE conducted an additional custody review of petitioner's case. (Dkt. 19, Ex. A). ICE concluded that petitioner should remain detained pending a decision on his Petition for Review pending in the Ninth Circuit Court of Appeals. *Id.* On February 12, 2008, petitioner filed a Motion to Compel Compliance with Court's Order, contending that ICE did not comply with the Court's Order. (Dkt. 16). Petitioner argues that he

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -1

01 is not a flight risk or a danger to the community, and that he is entitled to release on reasonable
02 bond. *Id.*

03 On March 24, 2008, the Ninth Circuit issued a memorandum decision, denying petitioner's
04 Petition for Review. *Thind v. Mukasey*, No. 06-75746 (9th Cir. 2008). Petitioner did not file a
05 Petition for Rehearing.

06 Having carefully reviewed the entire record, I recommend that petitioner's motion to
07 compel compliance with the Court's Order be DENIED.

08 ## II.  DISCUSSION

09 "When a final order of removal has been entered against an alien, the Government must
10 facilitate that alien's removal within a 90-day 'removal period.'" *Thai v. Ashcroft*, 366 F.3d 790,
11 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A),
12 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

13 (i) The date the order of removal becomes administratively final.

14 (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.
15
16 (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

17 8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298,
18 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the
19 order of removal becomes final; the date a reviewing court lifts its stay following review and
20 approval of the order of removal; or the date the alien ordered removed is released from non-
21 immigration related confinement."). During the removal period, continued detention is required.
22 INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -2

detain the alien."). Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6); *see Zadvydas v. Davis*, 533 U.S. 678, 682, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). In *Zadvydas,* the Supreme Court determined that the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

In the present case, the Ninth Circuit issued a final decision on March 24, 2008, thereby commencing the removal period. *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Accordingly, petitioner's ninety-day removal period will expire on or about June 24, 2008, and the six month presumptively reasonable period will expire on or about September 24, 2008. Accordingly, petitioner's detention is now statutorily required, and petitioner's motion to compel compliance with the Court's Order must be denied. *See Zadvydas*, 533 U.S. at 701.

## IV. CONCLUSION

For the foregoing reasons, I recommend that petitioner's motion to compel compliance with the Court's Order be DENIED, and that the action be dismissed. A proposed Order

01 accompanies this Report and Recommendation.

02     DATED this 15th day of May, 2008.

03                                              /s/ Mary Alice Theiler
                                                Mary Alice Theiler
04                                              United States Magistrate Judge

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -4